IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES BARLOW,

      Plaintiff,                    No. CIV S-03-0872 LKK PAN P

      vs.

MARK TERRELL, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on April 29, 2003, naming as defendants Mark Terrell, Esq. and the Solano County Public Defender's Office and alleging ineffective representation by Mr. Terrell in criminal proceedings against plaintiff. By order filed June 13, 2003, plaintiff's complaint was dismissed with leave to amend.

      On July 1, 2003, plaintiff filed an amended complaint. On October 10, 2003, the court issued findings and recommendations recommending that plaintiff's claim against defendant Terrell be dismissed on the grounds that defendant Terrell was not acting under color of state law for purposes of this § 1983 action. (Findings and Recommendations, filed October 10, 2003, at 2.) On the same day, plaintiff was ordered to show cause in writing why this action should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994).

1  On December 3, 2003, the district court adopted in full the October 10, 2003
2  findings and recommendations and dismissed plaintiff's claim against defendant Terrell.  (Order
3  field December 3, 2003, at 2.)  By order filed January 28, 2004, the court found, on further
4  review of the amended complaint , that it was not clear plaintiff had been convicted of the
5  criminal charges at issue.  The court further found that the amended complaint stated a
6  cognizable claim for relief against the Solano County Public Defender's conflict office and
7  directed plaintiff to complete and return forms necessary for service of process.

8  Plaintiff failed to comply with the January 28, 2004 order, and on May 11, 2004,
9  the court recommended dismissal of the action without prejudice.  By order filed August 17,
10  2005, the district court declined to adopt the findings and recommendations and remanded the
11  matter for service on the Solano County Public Defender's conflict office.  On January 9, 2006,
12  plaintiff filed a request to amend his complaint.  Plaintiff seeks to add a claim of fraud to this
13  action, contending that defendant Terrell was not licensed to practice law in the state of
14  California.  Plaintiff has not, however, included a proposed second amended complaint with his
15  request, nor do the exhibits appended to plaintiff's request support his assertion that defendant
16  Terrell was not properly licensed.  For these reasons, plaintiff's request for leave to file a second
17  amended complaint will be denied.

18  Upon review of the record, and good cause appearing, the court will direct
19  plaintiff to inform the court in writing within fifteen days whether he was convicted in the
20  criminal proceedings at issue in this action and, if so, whether that criminal conviction has been
21  "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
22  authorized to make such determination, or called into question by a federal court's issuance of a
23  writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486.  Plaintiff is cautioned that
24  failure to comply with this order will result in a recommendation that this action be dismissed as
25  a sanction for failure to comply with an order of the court.  See Local Rule 11-110.
26  /////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 9, 2006 request for leave to file a second amended complaint is denied; and

2. Within fifteen days from the date of this order plaintiff shall inform the court in writing whether he was convicted in the criminal proceedings at issue in this action and, if so, whether that criminal conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed as a sanction for failure to comply with an order of the court. See Local Rule 11-110.

DATED: February 28, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
barl0872.o